# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

  -vs-

**Case No. 04-C-906**
**(99-CR-45)**

**CARL L. HUFF II,**

        Movant.

## DECISION AND ORDER

On September 28, 1999, the movant, Carl Huff ("Huff"), was sentenced to 135 months in prison after pleading guilty to three counts of bank robbery. On May 5, 2000, Huff's conviction was affirmed on appeal.

On September 21, 2004, Huff filed the instant motion under 28 U.S.C. § 2255. The Court reviewed the motion and directed the government to file an answer.

The government argues that Huff's motion is time-barred. For purposes of calculating the one-year limitations period, Huff's conviction became "final" on August 4, 2000, approximately ninety (90) days after the Seventh Circuit affirmed his conviction. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (judgment became final when the time expired for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Huff's petition was filed more than three years (9/21/04) after the limitations period expired (8/4/01).

Huff did move the Court for an extension of time to file his § 2255 motion on September 28, 2000, prior to the expiration of the limitations period. (Docket No. 26). The Court denied Huff's request, but Huff still had almost a year to file his motion at the time he requested an extension. His apparent failure to understand the time limitations governing his post-conviction rights demonstrates that Huff was not acting with due diligence, and his late filing is not justified as a result. *See* 28 U.S.C. § 2255, ¶ 6(4).

In his motion, Huff attempts to excuse the lateness of his filing by stating that he was "unaware of his rights. Also, I'm just now in my right state of mind w/ treatment and medication." Huff's claim that he lacked the capacity to understand his rights is unsubstantiated. Further, Huff's argument is betrayed by his own filings in this case. As noted above, Huff had enough sense to understand that there was a time limitation on his rights when he requested an extension. In 2002, Huff also filed a request that the judgment entered against him be corrected to waive interest on restitution. This request was granted and an amended judgment was entered. (Docket Nos. 28-30). Finally, in some cases the limitation period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255, ¶ 6(4). This is not such a case because the facts supporting Huff's claims (discussed below) should have been apparent to him on or before the date he was sentenced.

Even if Huff's motion was timely, it still should be dismissed on the merits. Huff argues that his trial counsel was ineffective for failure to raise or argue Huff's lack of mental capacity or to pursue an insanity plea. However, the facts surrounding the crimes Huff

-2-

Case 2:04-cv-00906-RTR    Filed 04/13/07    Page 2 of 3    Document 8

committed demonstrate that an insanity plea would have been frivolous. Huff successfully executed three separate bank robberies and wrote coherent demand notes in the course of those robberies. Huff obviously appreciated and understood the nature and wrongfulness of his actions. *See* 18 U.S.C. § 17. Therefore, Huff cannot demonstrate that his trial counsel's failure to pursue an insanity plea was objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Huff also challenges his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). Neither case applies to Huff's conviction. "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely* came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, so *Booker* itself represents the establishment of a new rule about the federal system." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Huff's § 2255 motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2007.

                **SO ORDERED,**

                 s/ Rudolph T. Randa
                **HON. RUDOLPH T. RANDA**
                **Chief Judge**